THOMAS KENNEDY *vs.* INHABITANTS OF WESTON.

Washington, 1875.—April 18, 1876.

*Pauper.*

A person living in an unincorporated place, who furnishes supplies to a person falling into distress in such place, cannot recover therefor against the inhabitants of the oldest incorporated town adjoining such place, unless the pauper has at the time his legal settlement in such town.

ON REPORT.

ASSUMPSIT, on account annexed for supplies furnished to a pauper.

The account annexed charges "for board, clothing, bedding, nursing and attendance furnished Jane Smith, a pauper, sick with the small pox at my house from November 9, 1871 to December 25, 1871, $425;" and for several other items of services and payments for her, including funeral expenses and burial, amounting with the first item to $622.50.

Also another count for that one Jane Smith, a person having no legal settlement in Maine, fell into distress in said Crooked Brook Plantation, etc., on the 9th day of November, 1871, and then and there stood in need of immediate support and relief, and the plaintiff then and there and from that time to December 25th, A. D.

1871, furnished and provided, and continued to furnish and provide the said Jane Smith with food, clothing, bedding, board, labor, support, nursing, attendance, medicine and medical aid whereby the plaintiff necessarily incurred expenses on account of said support and relief, amounting in all to six hundred and twenty-two dollars and fifty cents. And the plaintiff avers that at the time said Jane Smith so fell into distress and was in need of immediate support and relief in said Crooked Brook Plantation, said plantation was an unincorporated place, and said Weston was the oldest town adjoining it, by reason whereof said defendants were liable for expenses as above incurred by the plaintiff for her support and relief, &c., &c.

There was evidence tending to show that the services were rendered, and the payments made as charged in the first count and under the circumstances stated in the second count.

After the evidence was out the case was reported to the full court for default or nonsuit according as the action is or is not maintainable.

*A. McNichol*, for the plaintiff.

*L. Powers*, for the defendants.

PETERS, J. The plaintiff lived in an unincorporated place. The supplies were furnished by him to a pauper in that place. He claims to recover therefor against the town of Weston, as the oldest incorporated town adjoining that place. He can do so, if it all, only upon the strength of § 32, c. 24, R. S., which is this : "Towns are to pay expenses necessarily incurred for the relief of paupers by an inhabitant not liable for their support, after notice and request to the overseers, until provision is made for them." But he cannot recover under this section, for two reasons : first, because he was not an "inhabitant" of the defendant town ; secondly, because the supplies were not furnished to the pauper "within" the town, but while she was actually residing elsewhere. The statute does not embrace the plaintiff's case. Such is the obvious import of the language of the statute ; and to that effect are the decisions. *Miller* v. *Somerset*, 14 Mass., 396. *Kittredge* v. *Newbury*, id., 448. *Mitchell* v. *Cornville*, 12 Mass., 333. *Smith*

v. *Colerain*, 9 Metc., 492. *Hawes* v. *Hanson*, 9 Allen, 134. *Beetham* v. *Lincoln*, 16 Maine, 137. *Windham* v. *Portland*, 23 Maine, 410.

The defendants could have furnished the pauper, and recovered of the town where her settlement was, if in this state, or, if she was a foreign pauper, could have received remuneration from the state, had they seen fit to do so. R. S., c. 24, § 22. Acts of 1874, c. 230. And by § 23, of the same chapter, the plaintiff had a remedy against the town of the pauper's settlement, if she had one within this state. Beyond this, the statutes do not seem to be adequate to furnish relief, in a case like this.

*Judgment for defendants.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.